IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| LYNETTE HENSON | § | |
| | § | |
| V. | § | NO. 1:03-CV-862 |
| | § | |
| JO ANNE BARNHART, | § | |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

## MEMORANDUM AND ORDER
## OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This appeal from an adverse administrative decision of the Commissioner of the Social Security Administration was referred to the Honorable Earl S. Hines, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends that the court affirm the Commissioner's decision. Plaintiff filed timely objections which require *de novo* review. See FED. R. CIV. P. 72(b).

Plaintiff's indistinct objections argue two points regarding her alleged disability due to *depression*, but neither can be sustained. First, and contrary to plaintiff's argument, the administrative law judge expressly found that plaintiff's alleged depression is not a severe impairment. ALJ Meyer's decision contains the following explicit finding:

> *The claimant has been diagnosed with reflux, **depression**, thyroid, and a hernia, which are medically determinable **but not severe impairments**.*

Page 1 of 3

Tr. 18 (emphasis added).   Second, a reviewing court cannot re-weigh conflicting evidence and substitute its own findings in order to set aside an administrative law judge's factual determination as to whether a claimed impairment is severe.

Next, and continuing on the subject of plaintiff's *depression*, plaintiff argues that the magistrate judge erroneously rejected plaintiff's argument that an administrative law judge must state and discuss reasons why plaintiff does not meet or equal presumptively-disabling impairments listed in 20 C.F.R. Part 404, Subpt. P, App. 1 ("the Listings"). The magistrate judge correctly concluded, however, that this case is not an appropriate occasion for considering whether to implement such a rule. Under administrative sequential analysis required by regulation, Step 3 analysis of any impairment that does not survive Step 2 analysis is foreclosed. When an alleged impairment is determined to be not severe at Step 2, further analysis of that impairment terminates. The magistrate judge cited and correctly applied Davis v. Heckler, 748 F.2d 293, 296 n.4 (5th Cir. 1984), wherein the governing court of appeals instructed lower trial courts that consideration of impairments at Step 3 occurs only when the adjudicator determines at Step 2 that a claimant has a severe impairment. Here, plaintiff's depression did not survive Step 2 analysis. There was no need for further consideration or discussion of that alleged impairment at Step 3.

Finally, plaintiff raises a similar objection with respect to another allegedly disabling impairment, *sleep apnea*. Since the Commissioner found this impairment severe, Step 3 analysis was required. Nevertheless, for reasons carefully articulated by the magistrate judge, plaintiff's argument that the administrative law judge was required to discuss at length why plaintiff's sleep apnea does not meet stringent Listings criteria must fail.

The magistrate judge accurately determined that under arcane administrative regulations, applicants may satisfy Listings criteria with respect to respiratory disorders, including sleep apnea, only by proving that they meet Listings criteria for certain cross-referenced impairments. The only such cross-referenced impairment for sleep apnea argued as applicable to plaintiff was Listing 12.02, which relates to organic mental disorders. The only organic mental disorder at issue in this case is depression. For reasons stated in the preceding paragraph, no Step 3 analysis was permitted or proper with respect to plaintiff's depression. Accordingly, due to mootness, this case is not an appropriate vehicle for deciding whether the Commissioner must articulate reasons for Step 3 findings.[1]

### ORDER

It is therefore **ORDERED** that plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED this 28th day of April, 2005.

MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE

---

[1] The administrative law judge's decision did not omit completely a discussion of why plaintiff's severe impairments did not meet Listings criteria. The administrative law judge stated that plaintiff's severe impairments do not meet or equal a Listing based on "State Agency medical consultants who evaluated this issue at the initial and reconsideration levels of the administrative review process and reached the same conclusion." Tr. 18.